1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   RUBEN M. DAVIS,                          Civil No.    10-1606 MMA (AJB)
     CDCR #C-23494;
12   ERIC R. LINDFORS,
     CDCR #P-36975
13
                                Plaintiffs,   **ORDER:**
14
                                              **(1)  DENYING PLAINTIFF DAVIS'**
15                                            **MOTION TO PROCEED *IN FORMA***
                                              ***PAUPERIS* [Doc. Nos. 2, 3];**
16                        vs.
                                              **(2) SEVERING CLAIMS AND PARTIES**
17                                            **PURSUANT TO FED.R.CIV.P. 21; AND**

18   LARRY SMALL, et al.,                     **(3) DISMISSING ACTION PURSUANT**
                                              **TO 28 U.S.C. § 1915A**
19

20
                                Defendants.
21

22

23

24          Plaintiffs, both inmates currently incarcerated at the California State Prison located in

25   Lancaster, California, and proceeding pro se, have filed a civil action pursuant to 42 U.S.C.

26   § 1983.   Plaintiffs have not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a);

27   instead, they have filed Motions to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C.

28   § 1915(a) [Doc. Nos. 2, 3].

# I.

## FEDERAL RULE OF CIVIL PROCEDURE 21

As an initial matter, the Court notes that this action has been filed by two separate Plaintiffs who are currently incarcerated in the same institution.  It is often the case during the course of litigation filed by those who are incarcerated, that a plaintiff will transfer to different institutions.  If Plaintiffs were to be separated, which is a high probability, they would not be able to represent the interests of the other party.  Because Plaintiffs are proceeding pro se, they have no authority to represent the legal interest of any other party.  *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also* FED.R.CIV.P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's original name, or if the party is not represented by an attorney, shall be signed by the party.").  Thus, to attempt to litigate this action together in one case would lead to a great deal of procedural confusion and likely result in significant delays.  Thus, the Court severs the claims brought by Plaintiff Lindfors from this action pursuant to FED.R.CIV.P. 21.

Accordingly, the Court directs the Clerk of Court to open a new action with the Complaint [Doc. No. 1], along with Plaintiff Lindfors Motion to Proceed *IFP* [Doc. No. 3]. Plaintiff Davis may proceed in the existing action.

# II.

## PLAINTIFF DAVIS' MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  "Under the PLRA, all prisoners who file IFP civil actions must pay the full amount of the filing fee," regardless of whether the action is ultimately dismissed for any reason.  *See Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1) & (2)).

1    In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also
2    submit a "certified copy of the trust fund account statement (or institutional equivalent) for the
3    prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C.
4    § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment
5    of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the
6    average monthly balance in the account for the past six months, whichever is greater, unless the
7    prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter,
8    the institution having custody of the prisoner must collect subsequent payments, assessed at 20%
9    of the preceding month's income, in any month in which the prisoner's account exceeds $10, and
10   forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C.
11   § 1915(b)(2).

12       In this matter, Plaintiff Davis has submitted a certified copy of his inmate trust account.
13   However, as stated above, this trust account statement must include the 6-month period
14   immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). Here, Plaintiff
15   Davis' trust account statement is for a period from October 2008 to September 2009. This action
16   was filed on July 29, 2010. Thus, Plaintiff Davis' Motion to Proceed *IFP* is **DENIED**.

17                                             **III.**

18              **SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)**

19       The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to
20   review complaints filed by anyone "incarcerated or detained in any facility who is accused of,
21   sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions
22   of parole, probation, pretrial release, or diversionary program," "as soon as practicable after
23   docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP.
24   *See* 28 U.S.C. § 1915A(a), (c). The Court must sua sponte dismiss prisoner complaints, or any
25   portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may
26   be granted. 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

27       Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person
28   acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

1  the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

2  United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on*

3  *other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d

4  1350, 1354 (9th Cir. 1985) (en banc).

5       The Court finds that the Complaint fails to comply with Rule 8. Specifically, Rule 8

6  provides that in order to state a claim for relief in a pleading it must contain "a short and plain

7  statement of the grounds for the court's jurisdiction" and "a short and plain statement of the

8  claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(1) & (2). Plaintiff

9  Davis' Complaint is nearly one hundred pages long and is often rambling. If Plaintiff Davis

10  chooses to file an Amended Complaint, he must comply with Rule 8. He is further cautioned

11  that he must also comply with Local Rule 8.2 which provides, in part, that prisoners must use

12  the Court's form complaints and any additional pages are "not to exceed fifteen (15) in number."

13  S.D. CIVLR 8.2.

14  **IV.**

15  **CONCLUSION AND ORDER**

16       For the reasons set forth above, **IT IS ORDERED** that:

17       (1)    The claims brought by Plaintiff Lindfors are severed from this action pursuant to

18  FED.R.CIV.P. 21. Plaintiff Davis shall proceed as the sole Plaintiff in this action.

19       (2)    The Clerk of Court is directed to open a new civil action with the Complaint [Doc.

20  No. 1] with Eric Lindfors as the Plaintiff. The Clerk is further instructed to file Eric Lindfors'

21  existing Motion to Proceed *IFP* [Doc. No. 3] in the separate action.

22       **IT IS FURTHER ORDERED that:**

23       (3)    Plaintiff Davis' Motion to Proceed IFP [Doc. No. 2] is **DENIED**.

24       (4)    This action is **DISMISSED** without prejudice for failure to prepay the $350 filing

25  fee mandated by 28 U.S.C. § 1914(a) and for failure to successfully move to proceed IFP

26  pursuant to 28 U.S.C. § 1915(a). Plaintiff Davis is granted forty-five (45) days from the date this

27  Order is Filed to either: (1) pay the entire $350 filing fee, **or** (2) file a new Motion to Proceed

28  IFP, *which includes a certified copy of his trust account statement for the 6-month period*

1  *preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR
2  3.2(b).

3      (5)  In addition, Plaintiff Davis' Complaint is **DISMISSED** without prejudice pursuant
4  to 28 U.S.C. § 1915A(b) for failure to comply with Rule 8.  Plaintiff Davis is granted forty-five
5  (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint
6  which cures all the deficiencies of pleading noted above.  Plaintiff Davis' Amended Complaint
7  must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L.
8  R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be
9  deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further,
10 if Plaintiff Davis' Amended Complaint fails to state a claim upon which relief may be granted,
11 it may be dismissed without further leave to amend and may hereafter be counted as a "strike"
12 under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

13     The Clerk of Court is directed to mail a Court approved civil rights complaint form to
14 Plaintiff Davis.

15     **IT IS SO ORDERED.**

16

17 DATED:  October 12, 2010

18

19                                 Hon. Michael M. Anello
20                                 United States District Judge

21

22

23

24

25

26

27

28